IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES L. KIRK, Jr.,

         Petitioner,

     v.                     CASE NO.   09-3187-WEB

SAM CLINE, Warden,
et al.,

         Respondents.

<u>MEMORANDUM AND ORDER</u>

    This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by a Kansas prisoner.  Mr. Kirk was convicted upon his plea of no contest to one count of burglary of a detached garage but now claims that he never entered the structure.  He challenges his plea, mainly asserting that it was without adequate factual basis and was not knowing and intelligent.  The question for this court under § 2254 is whether or not the state court's denial of his motion to withdraw his plea was contrary to or an unreasonable application of clearly established Supreme Court precedent.  Because the Supreme Court has held that a state judge is not required by the U.S. Constitution to ascertain the factual basis for a plea, Mr. Kirk is not entitled to federal habeas corpus relief.

I.  *Factual Background and Procedural History*

    The factual background was summarized from the prosecutor's statement of facts at the plea proceeding and set forth in <u>State v. Kirk</u>, 184 P.3d 286, 2008 WL 2251181 (Kan.App. May 30, 2008):

> On February 3, 2006, at 2:48 a.m., Kelly Flack called the police to report a burglary to his detached garage. Flack's garage had an alarm and video surveillance system, which were activated by a forced entry.  He saw a white male wearing a ball cap, jeans, and a dark tee shirt enter

> his garage.   The individual left carrying a container.
> The garage door was reported damaged.
>
> Flack also saw another man in the video.   The two men
> arrived in the same truck and were seen parking on the
> east side of Flack's house.
>
> An officer located the truck based on a broadcast
> description.   A black male was sitting in the driver's
> seat.   "[A]s [the officer] approached the truck, he did
> not see anyone sitting inside, but had not seen anyone
> exit either."   When he looked inside, he found Kirk
> sitting on the floorboard on the passenger side.
>
> Stolen property later found to belong to two different
> victims was discovered in the truck, some of which had
> been stolen the same evening from another location.
>
> The officer asked Kirk where the other person had gone,
> and Kirk said the other person had walked toward a house.
> Upon further questioning, Kirk identified the other person
> as "Walter," a white male.

Kirk, 184 P.3d at *1.

Several days after entering his no contest plea and before

sentencing, Mr. Kirk filed a pro se motion to withdraw his plea.  A

hearing was held at which he appeared with appointed counsel and

stated:

> I have one concern about the burglary.  I didn't do it.
> I don't want it on my record.  That is the main reason
> that I put the withdrawal of the plea in and the [State]
> has no evidence whatsoever.

State v. Kirk, App.Ct.No. 07-97907-A (hereinafter Rec.), Vol. 5

(Hearing on Motion to Withdraw Plea) at 5.   The judge that had

accepted his plea denied the motion.

On September 1, 2006, petitioner was sentenced to 12 months

imprisonment for the burglary count and 34 months imprisonment for

a possession of cocaine count, to run concurrently.[1]  He was granted

a dispositional departure to probation.   However, in February 2007

---

[1]     The Journal Entry of Judgment indicates that these were the "mid"
sentences in the guideline ranges for petitioner's offenses.  Rec. at 53-54.

2

his probation was revoked, and he was ordered to serve his original prison sentence.  Mr. Kirk was allowed to file a direct appeal of his conviction in which he claimed that the trial court abused its discretion in denying his motion to withdraw plea.[2]  On May 30, 2008, the Kansas Court of Appeals (KCA) affirmed; and on September 22, 2008, the Kansas Supreme Court (KSC) denied review.

In March 2009, Mr. Kirk filed a motion for post-conviction relief in the Sedgwick County District Court pursuant to K.S.A. § 60-1507.  He claimed ineffective assistance of counsel for failure to object to the factual basis provided by the prosecutor at the plea hearing; failure to file a motion to withdraw plea; and failure to provide petitioner with exculpatory evidence.  He also alleged that his trial counsel lied when advising him that the evidence at a jury trial would indicate he had committed the burglary.  A different district court judge heard the motion with different appointed counsel representing Mr. Kirk, who was not present. Petition (Doc. 1) Attach. D (Order Denying 60-1507 Motion).[3]  In August 2009 the judge denied the motion.  Petitioner did not appeal this denial.

Mr. Kirk next filed this federal Petition.  Respondents have filed an Answer and Return together with the state court records. Petitioner sought and was granted an extension of time to file a Traverse, but filed no Traverse.

---

[2]     A motion to withdraw plea is typically considered part of the direct appeal process.  York v. Galetka, 314 F.3d 522, 526 (10th Cir. 2003).

[3]     This Order "adopting the State's Response" does not appear to be among the state court records, but was exhibited by petitioner.

II.   *Grounds*

Mr. Kirk's claims and supporting facts in his pro se federal Petition are jumbled and unclear.  As ground (1), he claims ineffective assistance of counsel prior to and during the plea proceedings.  In support, he alleges that counsel "failed to insure" that the evidence the State would use to establish the elements of burglary was sufficient.[4]  He criticizes the State's evidence taken from Officer Mitchell's Affidavit as clearly failing to establish that he entered the victim's garage.  See Petition (Doc. 1) Attach. E.

As ground (2), petitioner claims that the Complaint/Information was defective.  In support, he alleges that the charging document failed to establish that a crime was committed and that he committed the crime charged.  He further alleges that "for its factual evidence" the State relied "upon the statement from one police officer's statement," and that there was no physical evidence or witness testimony that would show petitioner committed the crime as charged.  He repeats his allegation that the State was unable to show that he entered the garage.

As ground (3), petitioner contends that he had the right to present witnesses in his defense and was denied due process by the court's refusal to allow him to present evidence that another person committed the crime.  In his supporting facts, he alleges that his counsel had "exculpatory evidence" that she withheld from him and that she erroneously advised him that he would be found guilty by a

---

[4]     K.S.A. § 21-3175(b) provided: Burglary is knowingly and without authority entering into or remaining within any . . . (b) Building . . . or other structure which is not a dwelling, with intent to commit a felony, theft, or sexual battery therein . . . ."

4

jury if he went to trial.  In addition, he alleges that he was in the truck at the scene, but the burglary was committed by another person.

As Ground (4), petitioner claims that "the State lacked sufficient evidence to establish a factual basis for his plea."  In support, he alleges that the State "relied upon a portion of the statement by the officer's statement," which showed that he was not involved in the crime.  He also alleges that he was never charged with aiding and abetting.

III.  *Grounds (1) - (3) are Procedurally Defaulted*

Respondents allege in the Answer and Return that the first three of petitioner's four claims either were never raised in the state courts or were first raised in his state post-conviction motion under K.S.A. § 60-1507, and that since Mr. Kirk did not appeal the denial of his 1507 motion, these claims were never presented to the KCA or the KSC.  Respondents further allege that the time for Mr. Kirk to appeal has expired and that he cannot now raise these claims in state court.  Based on these allegations, they assert that petitioner's first three claims were defaulted in state court and as a consequence are defaulted for purposes of this federal habeas corpus action.  Since Mr. Kirk did not file a Traverse, he has not presented any contravening facts or arguments.

Before filing a federal petition for writ of habeas corpus, a state prisoner must have exhausted the available state court remedies.  28 U.S.C. § 2254(b)(1); Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam)(quoting Picard v. Connor, 404 U.S. 270, 275

(1971)).  "A claim has been exhausted when it has been 'fairly presented' to the state court."  Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006)("Fair presentation" requires more than presenting "all the facts necessary to support the federal claim" to the state court or articulating "a somewhat similar claim.")(quoting Anderson v. Harless, 459 U.S. 4, 6 (1982); see also Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998)("[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court.").

The state court record including the Brief of Appellant on direct appeal and the opinion of the KCA plainly establish that Mr. Kirk raised only one issue in his only appeal.  The "Statement of the Issues" in the Brief provided:

> Issue 1: Because the trial court accepted Mr. Kirk's plea without a factual basis to support the burglary count, and Mr. Kirk, subsequently, made a good cause showing for withdrawing his plea, the district court erred in denying Mr. Kirk's motion to withdraw his plea.

Rec. (Brief of Appellant)(July 10, 2007)(hereinafter Brief). Nothing in the state court record or petitioner's filings shows that Mr. Kirk ever presented to the highest state court the issues of ineffective assistance of plea counsel, defective complaint/information or that he was denied due process by the court's refusal to allow him to present defense witnesses and evidence that another person committed the crime.  The court finds that Mr. Kirk did not present his first three claims to the KSC either by way of his direct appeal or by appealing the denial of his state post-conviction motion, and that as a result these three

claims were not exhausted in state court.[5]  The court agrees with respondents that Mr. Kirk has no real prospect of now obtaining relief in the Kansas courts based on issues he failed to present to either the KCA or the KSC.[6]

When a federal habeas applicant has failed to exhaust a claim in the state courts, and state judicial remedies are no longer available, it may be said that the applicant meets the technical requirements for exhaustion.  See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).  However, the applicant is then required to establish that his claim is not barred by procedural default.  The doctrine of procedural default ensures that a criminal defendant gives the state courts a full and fair opportunity to address the defendant's constitutional claims before resorting to federal court.  Under this doctrine, claims that are defaulted in state court will not be considered by a federal habeas court, unless the applicant can demonstrate cause and prejudice or a fundamental miscarriage of justice.  Fairchild v. Workman, 579 F.3d 1134, 1141 (10th Cir. 2009); Coleman, 501 U.S. at 750.  Procedural default may be found where the petitioner has failed to exhaust state court remedies and

---

[5]     Petitioner has obviously alleged some facts under his first three claims that he also alleges under his fourth claim, which is exhausted.  The court considers those facts that were presented in the state courts as support for his exhausted claim.

[6]     Petitioner's unexhausted claims cannot now be presented to the Kansas appellate courts by way of a second appeal or successive 60-1507 motion.  See e.g., State v. Foulk, 195 Kan. 349, 351, 404 P.2d 961, 963 (1965)("[A]ny further attempt to seek the same relief would be a second or successive attempt which is forbidden by 60-1507(c)."); see also Amos v. Roberts, 189 Fed.Appx. 830, 834 (10th Cir. 2006)(unpublished opinion cited for reasoning)("Any motion for postconviction relief is now time-barred in state court," under K.S.A. § 60-1507(f)(1) that imposes a one-year limitation period, and a state post-conviction motion may not be used as a substitute for a second or subsequent appeal.); see also Kansas Supreme Court Rule 183(c)(3); Brown v. State, 198 Kan. 527, 528, 426 P.2d 49 (1967)(A "proceeding under . . . K.S.A. 60-1507 is not to be used as a substitute for a second appeal.").

"the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Id. at 735 n. 1; Anderson v. Sirmons, 476 F.3d 1131, 1139 n .7 (10th Cir. 2007)(Unexhausted claims are subject to "an anticipatory procedural bar," where they would be deemed procedurally barred by a Kansas state court were petitioner to present them in a second application for post-conviction relief).  In order to overcome procedural default, a federal habeas petitioner must demonstrate either (1) cause for and prejudice from the default, or (2) that not reaching his claims would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 749-50.  The cause standard requires a showing that some external, objective factor impeded petitioner's efforts to exhaust. Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.

Since Mr. Kirk did not respond to the Answer and Return and respondents' procedural default arguments, he has not made any direct attempt to demonstrate cause and prejudice.  Nor do any of the allegations made in his Petition indicate that some external factor prevented him from exhausting his three defaulted claims. The court concludes that petitioner has not demonstrated cause for the default of his first three claims, and has thus failed to establish the cause and prejudice exception.

Petitioner's only other means of gaining federal habeas review of his defaulted issues is under the fundamental miscarriage of justice exception.  Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992).  This

8

exception applies to a "narrow class of cases" in which a petitioner demonstrates that a "constitutional violation has resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995); see Bousley v. U.S., 523 U.S. 614, 623 (1998). The petitioner asserting actual innocence must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not previously presented. Schlup, 513 U.S. at 324, 327-29 (Petitioner must prove with new reliable evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."); see also, House v. Bell, 547 U.S. 518, 537-38 (2006)(A fundamental miscarriage of justice contention necessarily involves evidence that the trial jury did not have before it.).   Petitioner has made no effort to establish the miscarriage of justice exception.  Nor does this court's review of his filings and the record suggest that there is any new reliable evidence of Mr. Kirk's actual innocence.   Thus, Mr. Kirk has not carried his burden of showing that a miscarriage of justice will result if his defaulted claims are not heard.  In sum, petitioner's first three claims in his Petition were not presented to the highest state court on either direct or collateral appeal, these claims are procedurally defaulted, and federal habeas corpus review of these three claims is barred as a result.


IV.  *Ground (4) - Merits Review*

    The court proceeds to consider petitioner's one exhausted claim on the merits.  The claim is viewed as having two parts: (1) that

petitioner's due process rights were violated because the trial court accepted his plea without a sufficient factual basis and (2) that the trial court should have allowed him to withdraw his plea because it was not voluntary and intelligent.

### A.   *The State Court Adjudication*

Before the state appellate courts, Mr. Kirk argued this claim as a violation of state law and federal due process.  In his brief to the KCA, he asserted through counsel that the court had violated K.S.A. § 22-3210(a)(4), which provides that before or during trial, a plea of nolo contendere may be accepted when "the court is satisfied" among other things "that there is a factual basis for the plea."  He also cited Kansas case law holding that to "constitute a valid plea, the trial court must establish that all elements of the crime charged are present."  <u>Brief</u> at 4-5 (citing <u>State v. Shaw</u>, 259 Kan. 3, 7, 910 P.2d 809 (1996)[7](citing <u>see</u> <u>State v. Calderon</u>, 233 Kan. 87, 93, 661 P.2d 781 (1983)); <u>State v. Reed</u>, 248 Kan. 506, 512-13, 809 P.2d 553 (1991).  He argued that the State failed to provide an adequate factual basis to establish all the elements of burglary and as a result his plea was "void ab initio" under § 22-3210(a)(4).[8]  As factual support, Kirk alleged in state court that

---

[7]    <u>Shaw</u> additionally held that the factual basis requirement may be satisfied "by a complaint or information given or read to the defendant which sets forth the factual details and essential elements of the particular crime charged, by the evidence presented to the court by the prosecutor, by a statement of the facts made by the defendant at the hearing, or if the judge accepting the defendant's plea conducted the defendant's preliminary examination."  <u>Shaw</u>, 259 Kan. at 10.

[8]    Allegations of violation of state law do not provide a valid ground for federal habeas relief.  Regardless of whether the district court's actions violated § 22-3210, federal habeas review of state court proceedings "exists to correct violations of the United States Constitution, not errors of state law."  <u>Thomas v. Gibson</u>, 218 F.3d 1213, 1222 (10th Cir. 2000); <u>see also</u> <u>Jones v. Gibson</u>, 206 F.3d 946, 959 (10th Cir.), <u>cert. denied</u>, 531 U.S. 998 (2000)("Federal habeas

the victim's video proffered as evidence by the State did not show that Kirk entered the detached garage, and that the officer's statement was "ambiguous and vague as to what Mr. Kirk was doing on the scene." He further alleged that the only facts established were the type of clothing he wore, the color of his hair, and that he arrived at the scene with the other male who was seen entering the garage. He argued that while this evidence might be sufficient to establish burglary by the other male, it failed to establish the elements of burglary as to him. Finally, he argued that because the State failed to establish a factual basis for his plea, the trial court's acceptance of his plea violated his right to federal due process. Brief at 6. He cited State v. Moses, 280 Kan. 939, 946, 127 P.3d 330 (2006), where the KSC held that K.S.A. § 22-3210 was enacted to ensure compliance with the due process requirements set out by the U.S. Supreme Court in Boykin v. Alabama, 395 U.S. 238, 243 (1969). The KCA summarized Kirk's arguments in its opinion:

> Kirk argues that the trial court erred in denying his motion to withdraw plea because there was an insufficient factual basis to establish that he had entered the garage, an essential element of burglary, and there was only a vague description of what Kirk was doing at the scene.

Kirk, 184 P.3d at *1. The State countered that even though the video showed only the other male entering the garage, the evidence was sufficient to accept Mr. Kirk's plea on a theory of aiding and abetting.

The KCA agreed with the State's argument. They set forth the applicable standards:

> "A plea of . . . nolo contendere, for good cause shown and

relief is not available for state law errors, . . . rather, it is limited to violations of federal constitutional rights.").

within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 22-3210(d). On appeal, a defendant must establish that the trial court abused its discretion in denying the motion to withdraw a plea. <u>State v. Edgar</u>, 281 Kan. 30, 38, 127 P.3d 986 (2006). Judicial discretion is abused when a judicial action is arbitrary, fanciful, or unreasonable. If reasonable people could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. <u>State v. Reed</u>, 282 Kan. 272, 280, 144 P.3d 677 (2006).

<u>Kirk</u>, 184 P.3d at *2. They cited K.S.A. § 21-3205, which provides that: "[a] person is criminally responsible for a crime committed by another if such person intentionally aids, abets . . . the other to commit the crime." They also cited a holding of the Kansas Supreme Court that the:

mere presence of an accused at the time and place of the crime alleged is not sufficient to make the accused guilty of the crime, but if from the facts and circumstances surrounding the defendant's presence at the time and from the defendant's conduct it appears that the defendant's presence did in fact encourage someone else to commit the criminal act, guilt may be inferred. [Citation omitted.] In the absence of anything in a person's conduct showing a design to encourage, incite, aid, abet, or assist in the crime, the trier of the facts may consider failure of such person to oppose the commission of the crime in connection with other circumstances and conclude therefrom that the person assented to the commission of the crime, lent his or her countenance and approval thereto, and thereby aided and abetted the commission of the crime. [Citation omitted.]

<u>Kirk</u>, 184 P.3d at *2 (citing <u>State v. Wakefield</u>, 267 Kan. 116, 121, 977 P.2d 941 (1999)). The KCA then found the following crucial facts:

The plea transcript showed that Kirk was present when the other male entered the garage. There was no indication that Kirk had attempted to oppose the burglary. He was seen with the man who entered the garage before the crime occurred, and he waited for the crime to be completed. After both men drove away from the scene, Kirk remained in the truck when the other man got out again a short distance from the scene. When a police car passed the truck, Kirk crawled down to the floorboards in an attempt to hide. . . .

Kirk's presence could have aided the other man by serving as a lookout.  Moreover, it is reasonable to believe that he assented or lent his approval to the break-in, considering he continued to travel in the truck with stolen property after the burglary had been committed.

Id. at *3.  The KCA reasoned that:

Given these facts, Kirk has failed to establish good cause to withdraw his plea.  Moreover, it was not arbitrary, fanciful, or unreasonable for the trial court to have concluded that there was a sufficient factual basis for the burglary plea under an aiding and abetting theory.  A reasonable person could conclude from the transcript that Kirk was more than a mere witness to the crime.

Id.

   B.   *General Standards for Relief under § 2254*

    Under 28 U.S.C. § 2254, when a claim was addressed on the merits by the state courts the federal court may not grant federal habeas corpus relief unless the applicant establishes that the state court decision was either (1) "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(2); see Williams v. Taylor, 529 U.S. 362, 404-05 (2000); Alverson v. Workman, 595 F.3d 1142, 1146 (10th Cir. 2010), cert. denied, 131 S.Ct. 512 (2010). The Supreme Court has determined that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings.  Bell v. Cone, 535 U.S. 685, 694 (2002).  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of

materially indistinguishable facts." Williams, 529 U.S. at 412-13; Gipson v. Jordan, 376 F.3d 1193, 1196 (10th Cir. 2004), cert. denied, 546 U.S. 1030 (2005). "A state court decision involves an 'unreasonable application' of federal law if 'the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Gonzales v. Tafoya, 515 F.3d 1097, 1109 (10th Cir.), cert. denied, 129 S.Ct. 211 (2008)(citing Williams, 529 U.S. at 413). "Under the 'unreasonable application' clause. . . the relevant inquiry is not whether the state court's application of federal law (as determined by the Supreme Court) was incorrect, but whether it was 'objectively unreasonable.'" Williams, 529 U.S. at 409; House v. Hatch, 527 F.3d 1010, 1018-19 (10th Cir. 2008), cert. denied, 129 S.Ct. 1345 (Feb. 23, 2009)("an unreasonable application constitutes more than an incorrect application of federal law")(citing id. at 377, 410); see Lockyer v. Andrade, 538 U.S. 63, 75 (2003)(It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous.). "'If no Supreme Court precedent is dispositive of petitioner's claim, then . . . there is no specific rule to which the state court's decision can be contrary.'" Anderson v. Mullin, 327 F.3d 1148, 1155 (10th Cir. 2003)(quoting Vieux v. Pepe, 184 F.3d 59, 63 (1st Cir. 1999)); Wright v. Van Patten, 552 U.S. 120 (2008)(per curiam)(rejecting a habeas claim because the Supreme Court's prior cases had not clearly dictated an outcome in the petitioner's favor). The state court decision must be "diametrically different" and "mutually opposed" to the Supreme Court decision itself. Williams, 529 U.S. at 406;

14

<u>Gonzales</u>, 515 F.3d at 1109; <u>House</u>, 527 F.3d at 1019 ("Only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254.")(citing <u>Maynard v. Boone</u>, 468 F.3d 665, 671 (10th Cir. 2006), <u>cert.</u> <u>denied</u>, 549 U.S. 1285 (2007)).


  C. *Insufficient Factual Basis for Plea*

  Mr. Kirk has variously asserted, as an underlying premise for all his claims, that an insufficient factual basis was presented for his plea to the offense of burglary.  Respondents contend in their Answer and Return that whether the factual basis offered during the plea colloquy was sufficient under K.S.A. § 22-3210 "is not an issue appropriately before a federal habeas court," and that "there is no similar federal constitutional requirement."  A&R (Doc. 11) at 11.

  The record shows that at the plea proceeding the court asked the Assistant District Attorney (DA) as to both counts, "in summary what would that evidence be?"  <u>Rec.</u> Vol. 6 (Transcript of Plea Hearing)(hereinafter T.) at 9.  The DA then presented what the "state's evidence would show" by essentially repeating the charges from the complaint and that portion of the 10-page probable cause affidavit of Detective Mitchell relevant to the crimes charged against Mr. Kirk.  <u>T.</u> at 9-13.[9]  The DA asked the court for permission to submit the 10-page "affidavit of probable cause and the Complaint/Information" as part of the factual basis.  Defense counsel had no objection.  The DA stated that its evidence was "circumstantial and based on who he's with, the other activities

---

[9]  Officer Mitchell's affidavit indicated that he was assigned to investigate a string of burglary incidents in Sedgwick County primarily involving Walter Brumbelow, a white male.  Mr. Kirk, a black male, was actually implicated in only this 1 of the 7 cases referred to in the affidavit.

that are involved." Kirk's counsel remarked, "Your Honor, I think the factual basis given has been sufficient for this." Id. at 10-14. The judge asked defense counsel if Mr. Kirk wanted to contest any of the evidence presented by the DA verbally or within the affidavit; and counsel responded, "No, Judge, he's not contesting." Id. at 14. The judge then asked Mr. Kirk directly if he wished to contest any of the evidence presented by the DA, and he responded, "No." Id. at 15. As the KCA summarized:

> The State reiterated that it wanted to submit the affidavit of probable cause and the complaint, in addition to its oral statements. Kirk did not object. The trial court found the State had provided an adequate factual basis and found Kirk guilty.

Kirk, 184 P.3d at *1. It was not until Mr. Kirk's motion to withdraw plea, that he claimed he was innocent of the burglary. Then at sentencing, when the court asked defendant if he had anything to say, Kirk stated, "I would like to say . . . that I didn't have anything to do with this burglary. . . ." Rec. Vol. 4 (Transcript of Sentencing) at 7.

Before this court, Mr. Kirk does not point to or challenge any particular state court finding of fact. It follows that in order to be entitled to relief, he must demonstrate that when the state courts held he was not entitled to withdraw his plea, they acted contrary to or unreasonably applied clearly established Federal law as determined by the U.S. Supreme Court. 28 U.S.C. § 2254(d). Mr. Kirk has not established that the state court adjudication in his case--that the factual basis presented at his plea proceeding was legally sufficient and did not violate federal due process--was either contrary to or an unreasonable application of clearly established Supreme Court precedent. Nor could he, since the

16

Supreme Court has held that the state judge need not ascertain the factual basis for a guilty plea prior to accepting the plea. <u>See North Carolina v. Alford</u>, 400 U.S. 25, 37 (1970)("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime"). The Supreme Court explained in <u>Alford</u> that even though the federal courts are required by Rule 11 of the Federal Rules of Criminal Procedure to establish a factual basis for any guilty or no contest plea, the Constitution imposes no such requirement upon the States. <u>Id.</u> at 38 n. 11. This Supreme Court precedent, that the U.S. "Constitution does not require state courts to ascertain a factual basis prior to accepting a guilty plea," is plainly reflected in the holdings of many lower courts. <u>See e.g.</u>, <u>Green v. Koerner</u>, 2008 WL 2079469, at *4 (D.Kan., May 15, 2008)(unpublished), <u>appeal dismissed</u>, 312 Fed.Appx. 105 (10th Cir. 2009);[10]   <u>O'Neill v. Bruce</u>, 2006 WL 3087127 (D.Kan. 2006)(unpublished), <u>appeal dismissed</u> 250 Fed.Appx. 864 (10th Cir. 2007); <u>Castro v. Okla.</u>, 2008 WL 4279759 (W.D. Okla. Sept. 15, 2008)(unpublished)(citing <u>see</u> <u>Sena v. Romero</u>, 617 F.2d 579, 581 (10th Cir. 1980)); <u>Roddy v. Black</u>, 516 F.2d 1380, 1385 (6th Cir. 1975)(holding that "there is no constitutional requirement that a trial judge inquire into the factual basis of a plea"); <u>Meyers v. Gillis</u>, 93 F.3d 1147, 1151 (3rd Cir. 1996); <u>Willbright v. Smith</u>, 745 F.2d 779, 780 (2nd Cir. 1984); <u>Cottingham v. Davies</u>, 1989 WL 10102 (D.Kan. 1989)(unpublished); <u>Ruble v. Workman</u>, 2006 WL 3693371

---

[10]   This and other unpublished opinions cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1 and Fed.R.App.P. 32.1.

(N.D.Okla. 2006)(unpublished); <u>Dunn v. Bell</u>, 2006 WL 3206125 (E.D.Mich. 2006)(unpublished).   The Tenth Circuit has expressly noted that "the necessity for a factual basis to support a guilty plea in a state court proceeding is a matter of state, not federal, law."   <u>Berget v. Gibson</u>, 188 F.3d 518, *5 (10th Cir. 1999)(unpublished).   The due process clause does not require more of a factual basis or other more stringent standards for a no contest plea than a guilty plea.   <u>See</u> <u>Tovar Mendoza v. Hatch</u>, 620 F.3d 1261, 1269 (10th Cir. 2010); <u>Green</u>, 312 Fed.Appx. 105, 109 n.1 (10th Cir. 2009)(unpublished).   "A narrow exception exists" when a defendant proclaims his innocence at the plea proceeding.   <u>Id.</u> (It is "[o]nly when the defendant claims his factual innocence while pleading guilty, . . . [that] state courts [have] been constitutionally required to establish a factual basis for a plea.")(citing <u>Alford</u>, 400 U.S. at 37-39); <u>Perkis v. Sirmons</u>, 201 Fed.Appx. 648, 651 (10th Cir. 2006)(unpublished), <u>cert. denied</u>, 550 U.S. 921 (2007)("[U]nless a defendant claims factual innocence while pleading guilty, there is no federal constitutional requirement for the district court to ascertain a factual basis for the plea."); <u>Freeman v. Page</u>, 443 F.2d 493, 497 (10th Cir.) <u>cert. denied</u>, 404 U.S. 1001 (1971); <u>Wallace v. Turner</u>, 695 F.2d 545, 548 (11th Cir. 1983)("Only when a defendant proclaims his innocence while pleading guilty have federal courts required a judicial finding of some factual basis for the plea as an essential part of the constitutionally required finding that the plea was voluntary.").

Mr. Kirk does not allege, and the record of the plea proceeding does not show, that he claimed innocence during his plea proceeding. Accordingly, the Supreme Court's general rule is clearly dispositive

of his claim, and its narrow exception does not apply.  The state court's finding that the factual basis presented by the DA was sufficient can hardly be deemed contrary to Supreme Court precedent that does not require the state court to ascertain any factual basis for the plea under these circumstances.  In short, there is no federal constitutional issue concerning the factual basis of Mr. Kirk's no-contest plea.[11]  Green, 312 Fed.Appx. at 109.

Furthermore, Mr. Kirk has not even alleged, much less established, that the state court's holding (that he could have been convicted at trial under a theory of aiding and abetting) is contrary to any clearly established Supreme Court precedent.

D.  *Voluntariness of Plea*

Petitioner alleges that he was unaware prior to entering his plea that the State's evidence was insufficient to prove all the elements of burglary had he proceeded to trial.  He claims that his plea was not knowing and voluntary as a result.[12]

---

[11]   The court finds an evidentiary hearing is not necessary to determine petitioner's claims.  A hearing is unnecessary if a claim can be resolved on the existing record.  Anderson v. Attorney General of Kansas, 425 F.3d 853, 858 (10th Cir. 2005); Torres v. Mullin, 317 F.3d 1145, 1161 (10th Cir. 2003).

[12]   This is the only factual basis for this claim that Mr. Kirk presented in his appellate brief to the KCA.  There, he argued that the "record shows that Mr. Kirk's plea was not voluntary because he lacked an understanding of the elements of burglary" in relation to "the facts the state produced during the plea hearing."  Brief at 6-7.
In some of his defaulted claims Mr. Kirk alleges, as he did in his pro se 60-1507 motion, that his counsel withheld exculpatory evidence from him, which was that the victim's surveillance video and the statements in the officer's probable cause affidavit failed to show that he had entered the garage, and that his counsel lied or erroneously advised him that he would be convicted if he went to trial when the State's evidence was insufficient to prove the elements of burglary.  However, at the hearing on his motion to withdraw plea, Mr. Kirk stated that he did not believe counsel had misled him or withheld any information prior to his plea, and that she had fully advised him.  Rec. Vol. 5 at 5.  In any event, Mr. Kirk did not present any of these fact allegations, which amount to claims of ineffective assistance of counsel, to the highest state court; and this court has already held that his claim of ineffective assistance of counsel based upon these allegations was procedurally defaulted.

"On habeas review, this court may set aside a state court guilty plea only if the plea failed to satisfy due process." <u>McCray v. McKune</u>, 2006 WL 1300994 *3 (D. Kan. May 9, 2006)(unpublished)(citing <u>Cunningham v. Diesslin</u>, 92 F.3d 1054, 1060 (10th Cir. 1996); <u>Miles v. Dorsey</u>, 61 F.3d 1459, 1465 (10th Cir. 1995)). "A guilty plea comports with due process if the defendant entered the plea voluntarily and intelligently." <u>Id.</u> (citing <u>Cunningham</u>, 92 F.3d at 1060)(citing <u>Boykin v. Alabama</u>, 395 U.S. 238, 242 (1969)); <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985)(The well-established standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.")(quoting <u>Alford</u>, 400 U.S. at 31). The Supreme Court has stated that:

> [a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

<u>United States v. Broce</u>, 488 U.S. 563, 569 (1989). "[T]he defendant must have had 'a full understanding of what the plea connotes and of its consequences.'" <u>Id.</u> (quoting <u>Boykin</u>, 395 U.S. at 244). A defendant is not entitled to withdraw an intelligently made voluntary plea merely because he discovers after the plea has been

---

(cont.)
    Even if the court considered these allegations as a basis for petitioner's claim that his plea was involuntary, it would find they do not entitle him to relief either because they are conclusory or they are refuted by the record.

accepted that he or his attorney misapprehended the quality of the State's case. <u>Green</u>, 2008 WL 2079469 (citing <u>Brady v. U.S.</u>, 397 U.S. 742, 756-57 (1970)). Whether a plea was entered knowingly and voluntarily is determined from "all of the relevant circumstances surrounding it." <u>Brady</u>, 397 U.S. at 749.

Guilty pleas "are important components of this country's criminal justice system" and "are accorded a great measure of finality." <u>Blackledge v. Allison</u>, 431 U.S. 63, 71 (1977). A defendant bears the burden of proving that the plea he entered was involuntary and unintelligent. Voluntariness of the plea involves a question of law, but the conclusion rests on factual findings. <u>See</u> <u>Parke v. Raley</u>, 506 U.S. 20, 35 (1992). Findings of fact made by the state court regarding the voluntariness of the plea carry a presumption of correctness. <u>See</u> <u>Cunningham</u>, 92 F.3d at 1060. To rebut this presumption, the petitioner must present clear and convincing evidence. <u>See</u> 28 U.S.C. § 2254(e)(1).

Under these standards, Petitioner's allegations do not warrant relief for several reasons. First, petitioner's claim is premised upon his belief that he could not have been found guilty at trial because the surveillance video and police statement did not establish that he entered the garage. Although petitioner's confusion in this regard is understandable, this premise is legally incorrect. As Mr. Kirk was plainly informed by the KCA, he could have been found guilty by a jury of the burglary on an aiding and abetting theory. Had he insisted on going to trial, the State could have asked for a jury instruction on aiding and abetting. For example, an instruction based upon K.S.A. 21-3205(1) might have read:

> A person who, either before or during its commission, intentionally aids another to commit a crime with the intent to promote or assist in its commission is criminally responsible for the crime committed regardless of the extent of the defendant's participation, if any, in the actual commission of the crime.

See State v. Gleason, 277 Kan. 624, 632, 88 P.3d 218 (Kan. 2004). Thus, even if Mr. Kirk could not have been found guilty as a principal in the burglary, he could have been found guilty as an aider and abettor. Id. A person that aids and abets a burglary can be charged and found guilty of the burglary even though he did not personally make the unlawful entry. The fact that petitioner was not charged with aiding and abetting prior to entering his plea would not have precluded his trial and conviction of burglary upon an aiding and abetting theory. The KCA included facts in its decision that would have supported a jury finding of Mr. Kirk's guilt under this theory. Petitioner has made no effort to refute those facts and certainly has not presented clear and convincing evidence to the contrary.

It follows that Mr. Kirk's plea counsel's advice in this case was well within the range of competence demanded by attorneys in criminal cases. Since petitioner is mistaken that he could not have been found guilty at trial, his counsel's advice that he could be found guilty was not faulty. In this regard, the Supreme Court has stated:

> In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. . . . Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts. That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's

> lawyer   withstand   retrospective   examination   in   a
> post-conviction hearing.

Id. at 769-70.

In addition, petitioner pled guilty to the burglary, after he was informed that this crime included the element of entry of a non-dwelling. "When a criminal defendant has solemnly admitted in open court that he is guilty of the offense with which he is charged, he may not thereafter raise claims of deprivation of constitutional rights that occurred prior to the entry of the plea such as a claim of insufficient evidence." See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Instead, petitioner waived any challenge he had to the sufficiency of the evidence by entering his plea. See Broce, 488 U.S. at 569. In his formulation of this ground, Mr. Kirk acknowledges that the plea agreement provided that a plea of no contest is an admission that the State has sufficient evidence to prove his guilt and he will not contest the evidence. Thus, the plea colloquy illustrates that, when Mr. Kirk pled no contest, he was aware that he was giving up his right to present a defense against the burglary charge.

This court has examined the entire record including all petitioner's filings to determine the circumstances of petitioner's no-contest plea. The record of the plea proceeding plainly demonstrates that Mr. Kirk understood the nature and consequences of the charges and voluntarily chose to plead no contest. At the plea hearing, the judge elicited that Mr. Kirk was 40 years old, had completed 11 years of education, and was not under the influence of drugs or coercion. T. at 3-4. The judge informed Mr. Kirk of the range of sentences on the charges and assured that he understood the

23

possible penalties.  Id. at 7.  The judge advised Mr. Kirk that he would be giving up his right to trial in the case, his right to challenge the charges against him, and his right to present any defenses or witnesses.[13]  T. at 3-4.  Mr. Kirk affirmed that he had talked with his attorney about the charges, his rights, and the consequences of his plea, and that he was satisfied with her services.   T. at 6.   Petitioner's "solemn declarations" of voluntariness made at the plea hearing "carry a strong presumption of veracity."  See Blackledge, 431 U.S. at 73-74.  The court then found that Mr. Kirk understood the nature of the charges against him, the consequences of his plea, and the possible penalties.   The court further found that Mr. Kirk had waived his constitutional rights and entered his plea of no contest to the charges in the Complaint/Information knowingly and voluntarily.  T. at 15.

The judge questioned Mr. Kirk about the document entitled "Defendant's Acknowledgment of Rights and Entry of Plea" which set forth the plea agreement, and Mr. Kirk affirmed that he had reviewed and signed the document.  T. at 6.  In this document Mr. Kirk and the DA agreed:

> In exchange for a plea of no contest as charged the parties will recommend the mid number in the grid box on each count, that the counts run concurrent with each other and will recommend a dispositional departure to community corrections-residential. . . .

Rec. at 30.  The judge read the agreement into the record, and Mr. Kirk acknowledged that he understood this agreement.  T. at 8.  When asked how he pled to the burglary, Mr. Kirk responded, "no contest."

---

[13]   The record also shows that the court advised Mr. Kirk that he had a right to appeal his conviction and that the deadline for appeal was 10 days.  Id. at 13.

Id. at 9. The findings by the state court--including that petitioner's plea was entered knowingly and voluntarily--are supported by the record and have not been adequately refuted with clear and convincing evidence. See Tollett, 411 U.S. at 267.

At sentencing, the DA asked the court to follow the plea agreement. The court adhered to the agreement by sentencing petitioner to the mid numbers in the sentencing range, ordering that the sentences run concurrent to each other, sustaining the motion for departure, and releasing Kirk on probation. Thus, Mr. Kirk received substantial benefits in exchange for his plea. There is absolutely nothing in the record to suggest that had Mr. Kirk correctly understood the law as it applied to the facts of his case he would have risked these benefits to instead go to trial. Petitioner has failed to establish that the state court's conclusion that his plea comported with due process was contrary to or an unreasonable application of the established Supreme Court precedent. He has also failed to rebut the presumption of correctness of the state court's factual findings underlying their conclusion.

The court concludes that the pleadings and record clearly establish that Mr. Kirk is not entitled to federal habeas corpus relief. His arguments regarding the sufficiency of the factual basis for his plea do not implicate any clearly established Supreme Court law. With respect to his arguments impugning the voluntariness of his plea, the KCA identified the correct governing legal principles and did not unreasonably apply those principles to the facts. Mr. Kirk has not presented clear and convincing evidence to rebut any of the state court's factual findings. Accordingly, Mr. Kirk's application for federal habeas corpus relief is denied.

V.  *Conclusion*

**IT IS THEREFORE ORDERED** that this Petition for relief under 28 U.S.C. § 2254 (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

IT IS SO ORDERED this 16th day of November, 2011 at Wichita, Kansas.

Judge Wesley E. Brown
U.S. District Court Judge